**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-6450

JEREMIAH ROYSTER,

                 Petitioner - Appellant,

        v.

MARVIN L. POLK,

                 Respondent - Appellee.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge.  (5:06-hc-02157-BO)

Submitted:  July 31, 2008         Decided:  November 10, 2008

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeremiah Royster, Appellant Pro Se.  Clarence Joe DelForge, III,
Assistant Attorney General, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremiah Royster, a North Carolina inmate, filed a 28 U.S.C. § 2254 (2000) petition attacking his prison disciplinary violations for assault and possession of a weapon. In his § 2254 petition, Royster specifically claimed that he lost good time credits as a result of the convictions. The district court summarily dismissed the § 2254 petition noting that "Royster is not incarcerated because of the disciplinary proceeding and this is not the appropriate statute under which the action may be brought. Royster may have an action, if he has one at all, under 42 U.S.C. § 1983." (ER 49).

We granted a certificate of appealability on the following two issues, whether: (1) Royster was erroneously denied the right to proceed under 28 U.S.C. § 2254; and (2) Royster was denied procedural due process for the institutional convictions at issue. For the reasons that follow, we affirm.

In his informal brief, Appellee has rightly conceded that Royster should have been allowed to proceed under § 2254. Because he challenges the loss of good time credits, Royster's action at its core seeks to shorten the length of his confinement. Therefore, the action sounds in habeas. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Plyler v. Moore, 129 F.3d 728, 733 (4th Cir. 1997).

- 2 -

Regarding Royster's substantive claim that he was denied due process at his disciplinary hearing, our review of the record reveals no constitutional violations. Royster was afforded the due process safeguards required for inmate proceedings. <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974); <u>see also</u> <u>Baxter v. Palmigiano</u>, 425 U.S. 308, 315-22 (1976) (discussing limited range of inmate rights in prison disciplinary proceedings); <u>Brown v. Braxton</u>, 373 F.3d 501, 504-05 (4th Cir. 2004) (noting inmates have no right to confront adverse witnesses in institutional proceedings).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>